IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CECILIA CLINKSCALE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-1026 |
| | : | |
| TEMPLE UNIVERSITY, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**ROBRENO, J.**                                                                                October 7, 2019

Plaintiff Cecilia Clinkscale filed this civil rights action along with an application to proceed *in forma pauperis*. Named as Defendants are: (1) Temple University; (2) Temple University Health System; (3) Temple University Hospital; (4) Temple University Episcopal Hospital; (5) "Temple University Campus Police (Three Known and Five Unknow Officers);" (6) Allied Universal; (7) Philadelphia Police Department; (8) City of Philadelphia; and (9) Keystone First. For the following reasons, the Court will grant Clinkscale leave to proceed *in forma pauperis*, dismiss her Complaint with prejudice as to two named Defendants and as to certain claims, dismiss her other claims without prejudice, and grant her leave to file an amended complaint.

**I.      FACTS**[1]

Clinkscale asserts that she was physically assaulted by four to eight uniformed, male police officers at Paley Library on the Temple University campus on March 10, 2017. (ECF No. 2 at 4.) Prior to the assault, she had been harassed by Temple University police officers and

---

[1] The allegations are taken from Clinkscale's Complaint. (*See* ECF No. 2.) The Court adopts the pagination supplied by the CM/ECF docketing system.

1

security officers employed by Defendant Allied Universal[2] for nearly three years. (*Id.*) She sustained numerous blows during the assault to her head, face, neck, torso, and extremities, and lost consciousness. (*Id.*) The asserts that the officers "escalate[d] the matter to higher ranking personnel" and, instead of taking her to her doctor at Temple University Hospital as she requested, an unnamed Corporal on duty directed the police officers to take her to Temple University Episcopal Hospital ("Episcopal") against her will. (*Id.*) At Episcopal, Clinkscale claims she was physically assaulted again by Temple University police officers, a female Allied security officer, and nursing staff because she refused to be medicated. (*Id.*) She was thrown on a bed in an isolation room during which she landed on her head and her upper neck slammed against a metal restraining beam. (*Id.*) She blacked out and suffered from blurred vision for one month. (*Id.*) Clinkscale asserts that Episcopal Hospital had no basis to detain or medicate her, which was done at the directions of staff psychiatrists, psychologists and her primary care physician. (*Id.* at 4-5.)

Clinkscale was released after five hours and sought treatment at Lankenau Hospital. While there, two male unidentified Philadelphia police officers told her that investigators assigned to her assault claim would contact her. (*Id.* at 5.) In May 2017, she attempted to obtain a police report of her assault but was told that no such report existed, and no 911 call existed documenting the hospital visit. (*Id.*) She asserts that police reports have been lost or altered, medical records and diagnostic reports were tampered with and stolen causing a delay in her receiving treatment, and she has been subject to continued harassment by employees of Allied. (*Id.*) Finally, Clinkscale alleges that Defendant Keystone First repeatedly delayed or denied her

---

[2] Clinkscale refers alternatively to "Allied Universal" and "Allied Barton." The Court assumes that this is one entity.

tests that she required and that its employees told her that medical records may have been destroyed. (*Id.*)

Clinkscale asserts claims against all Defendant pursuant to 42 U.S.C. § 1983. While she does not differentiate which Defendants she seeks to sue for each claim, she asserts constitutional claims based upon illegal search and lack of probable cause, due process violations, violation of her "right to trial before accusers/assailants," excessive force, cruel and unusual punishment, and infliction of emotional distress.[3] She seeks money damages and unspecified equitable relief. (*Id.* at 6.)

## II. STANDARD OF REVIEW

The Court grants Clinkscale leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Clinkscale is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[3] Since Clinkscale brings her claims under § 1983 and names parties purportedly liable under § 1983 as "state actors," the Court will consider her claims as brought pursuant to the Fourteenth Amendment.

3

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The "under color of state law" requirement means that "a plaintiff seeking to hold an individual liable under § 1983 must establish that she was deprived of a federal constitutional or statutory right by a state actor." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009).

### A. Claims Against the City of Philadelphia and Philadelphia Police Department

Clinkscale has named the City of Philadelphia and the Philadelphia Police Department as Defendants. The only factual allegation involving them, however, is that, while Clinkscale was at Lankenau Hospital, two male unidentified Philadelphia police officers told her that investigators assigned to her assault claim would contact her, and that police reports have been lost or altered.

A municipality cannot be held liable under § 1983 on a *respondeat superior* theory. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978). Rather, to plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *Id.* at 694. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). A plaintiff illustrates that a custom was the proximate cause of his injuries by demonstrating that the Defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted).

Clinkscale's allegations do not state a plausible claim for municipal liability. First, she does not allege that Philadelphia maintained a policy or custom that caused the violation of her constitutional rights. More importantly, "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (quotations omitted); *see also Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (per curiam) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal

5

charges against another individual."). Accordingly, the claim against the City must be dismissed pursuant to § 1915(e)(2)(B)(ii). However, because the Court cannot sat at this time that Clinkscale can never successfully assert a plausible "policy or custom" claim for municipal liability, the dismissal of this aspect of her claim against the City will be without prejudice; to the extent the claim is based on a failure to investigate it cannot be a basis for a plausible claim of municipal liability and is dismissed with prejudice since any attempt at amendment would be futile.

The claim against the Philadelphia Police Department must also be dismissed under § 1915(e)(2)(B)(ii) because it is implausible. Following *Monell*, courts concluded that police departments are merely sub-units of local government and, as such, are merely vehicles through which the municipality fulfills its policing functions. *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (per curiam) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, Civ. A. No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016). Therefore, the Philadelphia Police Department is not a proper defendant in this case under Section 1983 and is dismissed with prejudice.[4]

---

[4] Clinkscale has also named as Defendant(s) "Temple University Campus Police (Three Known Officers and Five Unknown Officers)." While it is not completely clear, the Court assumes that Clinkscale seeks to sue the eight officers, rather than the Temple University Campus Police. To

### B. Claims Against Keystone First

Clinkscale's factual allegation against Keystone First is quite brief. She asserts only that it repeatedly delayed or denied her tests that she required and that its employees told her that medical records may have been destroyed. (ECF No. 2 at 5.) This allegation fails to state a plausible claim.

Keystone First, which the Court assumes is Clinkscale's Medicaid health insurance provider,[5] appears to be a non-state actor entity. The Third Circuit has identified "three discrete tests to determine whether there has been state action" in order to hold a private entity liable under § 1983. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142 (3d Cir. 1995). First, the court considers "whether 'the private entity has exercised powers that are traditionally the exclusive prerogative of the state'" *Id.* (citing *Blum v. Yaretsky*, 457 U.S. 991, 1004-05 (1982)). Second, the court examines "whether 'the private party has acted with the help of or in concert with state officials.'" *Id.* (citing *McKeesport Hosp. v. Accreditation Council for Grad. Med. Ed.*, 24 F.3d 519, 525 (3d Cir. 1994)). The third line of inquiry along which a court may find state action involves asking whether "'[t]he State has so far insinuated itself into a position of interdependence with . . . [the acting party] that it must be recognized as a joint participant in the challenged activity.'" *Id.* (citing *Krynicky v. Univ. of Pittsburgh*, 742 F.2d 94, 98 (3d Cir. 1984)).

---

the extent that the claim is directed toward the Campus Police as an entity, the same rationale for dismissing the claim against the Philadelphia Police Department applies and the Campus Police will be dismissed with prejudice. Clinkscale's claim against the eight officers is discussed below.

[5] See https://www.keystonefirstpa.com (describing Keystone First as "Pennsylvania's largest Medical Assistance (Medicaid) managed care health plan") (last visited Aug. 29, 2019).

There is no assertion that Keystone First is exercising a traditional state power, acted in concert with state officials to deny Clinkscale medical coverage or to lose or destroy records, or that Keystone First is in a position of interdependence with the state. Moreover, it is unclear how either (1) its having denied Clinkscale coverage for medical services or (2) its having lost records violated her constitutional rights. However, because the Court cannot say at this time that Clinkscale can never successfully assert a plausible constitutional claim against Keystone First, the dismissal of this claim will also be without prejudice and Clinkscale will be permitted an opportunity to file an amended complaint to attempt to cure the defects the Court has identified in her claim.

### C. Claim against Temple University

Temple University has been held to be a state actor. *See Osei v. Temple Univ. of Commonwealth Sys. of Higher Educ.*, Civ. A. No. 10-2042, 2011 WL 4549609, at * 7 (E.D. Pa. Sept. 30, 2011), aff'd, 518 F. App'x 86 (3d Cir. 2013); *Sabatini v. Reinstein*, 222 F. Supp. 3d 444, 446 n. 2 (E.D. Pa. 2016) (noting that the parties had stipulated that Temple University was a state actor); *Moore v. Temple Univ.*, Civ. A. No.13-5079, 2014 WL 12775012, at *2 (E.D. Pa. Apr. 29, 2014) (holding that "Temple University, as well as those it employs, are sufficiently connected to the Commonwealth as to make them state actors within the meaning of section 1983" and collecting cases). However, as noted earlier, liability arising from § 1983 violations cannot be imposed under the doctrine of *respondeat superior*. *See Monell*, 436 U.S. at 691. Clinkscale appears to assert liability against Temple University solely on the basis that it employs police officers or contracts with Allied, the security company whose employees harassed and assaulted her. She does not assert that Temple University had a policy or custom condoning or facilitating police harassment or brutality, nor does she attempt to allege a "failure

8

or inadequacy theory." (*See Forrest v. Parry,* 930 F.3d 93, 109-10 (3d Cir. 2019) (setting out standards for failure to train and failure to supervise claims). Accordingly, the claim against Temple University is dismissed because it is not plausible but, as with other dismissed claims, Clinkscale will be permitted an opportunity to amend to cure the defects noted.

### D. Claims Against Allied

Clinkscale asserts she was harassed by Allied employees on the Temple health campus, and was assaulted by a female Allied security officer at Episcopal. These allegations also fail to state a plausible claim under § 1983.

Courts generally acknowledged that private security guards are not considered state actors for purposes of liability under § 1983. However, "Courts have held that private university public safety officers may act under color of state law when exercising police powers such as making arrests." *See Henderson v. Fisher*, 631 F.2d 1115, 1118 (3d Cir. 1980) (finding campus police at the University of Pittsburgh acted under color of state law because the University was part of the state's public system and campus police had arrested plaintiff); *Mast v. Lafayette Coll.*, Civ. A. No. 13-4161, 2015 WL 409774, at *3 (E.D. Pa. Jan. 30, 2015); *Dempsey v. Bucknell Univ.*, Civ. A. No. 11-1679, 2012 WL 1569826 at *5-6 (M.D. Pa. May 3, 2012) (campus police at a private institution acted under color of state law when they arrested the plaintiff). Similarly, federal courts have found state action where a security guard is employed by a police department, *Traver v. Meshriy*, 627 F.2d 934 (9th Cir. 1980), or works jointly with a police officer, *Padover v. Gimbel Bros., Inc.*, 412 F. Supp. 920 (E.D. Pa. 1976). In the absence of an allegation that college security personnel are exercising traditional and exclusive state law enforcement powers, no state action is present. *Mast*, at *3.

Under Rule 8, it is Clinkscale's obligation to "provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian*, 2017 WL 3494219, at *3. Clinkscale's allegations are insufficient to permit the Court to determine at this time whether Allied or its employees may be considered to be state actors. Accordingly, the claim will be dismissed without prejudice and with leave granted to Clinkscale to amend to cure the defects.[6]

### E. Claims Against Temple University Health System, Temple University Hospital and Temple University Episcopal Hospital

Clinkscale has also named other Temple University entities as Defendants. She does not allege that these entities are state actors and it is unclear whether they so qualify. *But see Unger v. Nat'l Residents Matching Program*, 928 F.2d 1392, 1402 (3d Cir. 1991) (dismissing plaintiff's constitutional claim against Temple University Hospital on other grounds without discussing whether it could be liable as a state actor under § 1983). Even if these entities do qualify as state actors, as with her claim against Temple University, Clinkscale appears to assert liability solely

---

[6] The Court notes that the claim against Allied, as well as the claim against the Temple University campus police officers discussed below, may be based upon incidents that are time barred. Specifically, Clinkscale asserts she was harassed by Allied employees and campus police officers for three years prior to the alleged assault occurring on March 10, 2017. (ECF No. 2 at 4.) Clinkscale filed her Complaint on March 11, 2019, two years and one day after the assault allegedly occurred.

The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, limitations period applicable to Clinkscale's § 1983 claim is two years. *But see Nicolaou v. Martin*, 195 A.3d 880, 892 (Pa. 2018) ("the discovery rule tolls the statute of limitations where the plaintiff is reasonably unaware that he has been injured and that his injury has been caused by another party's conduct") (citing *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005)). While the Court cannot determine the timeliness of Clinkscale's claims at this time, to the extent that she may seek to pursue her claims by filing an amended complaint, Clinkscale should be cognizant of the statute of limitations applicable to her § 1983 claims.

on the basis of their employing the persons who actually assaulted, harassed or treated her and has not made any "policy or custom" or "failure to" allegations. Accordingly, these claims also are implausible and will be dismissed without prejudice and with leave granted to attempt to amend.

### F. Claims Against Temple University Campus Police (Three Known Officers and Five Unknown Officers)

Finally, Clinkscale has named as Defendant(s) "Temple University Campus Police (Three Known Officers and Five Unknown Officers)." While it is not completely clear, the Court assumes that Clinkscale seeks to name the eight officers whom she claims assaulted her on March 10, 2017 as Defendants. Further, while she appears to know the identity of three of the eight officers, she has not provided their identities in her Complaint so that they may be served. More importantly, Clinkscale does not specify which known or unknown officer was involved in each of the several incidents she describes in her Complaint. Her conclusory allegations that they are liable fails to meet her obligation under Rule 8 to provide enough information to put a defendant on sufficient notice to prepare their defense. The claims against these Defendants will likewise be dismissed without prejudice and with leave to amend.

## V. CONCLUSION

For the foregoing reasons, the Court will dismiss Clinkscale's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Defendants Temple University Campus Police and Philadelphia Police Department will be dismissed with prejudice, as will all claims based upon a failure to investigate theory. The other claims against all other Defendants will be dismissed without prejudice and Clinkscale will be permitted to file an amended complaint in the event she can cure the defects the Court has identified in her claims. An appropriate Order follows.