### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CECILIA CLINKSCALE,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 19-CV-1026** |
| | : | |
| **TEMPLE UNIVERSITY,** *et al.*, | : | |
| **Defendants.** | : | |

### MEMORANDUM

**ROBRENO, J.**                                                    **APRIL 20 , 2020**

On February 28, 2020 the Court filed an Order (ECF No. 22) denying Plaintiff Cecilia Clinkscale's Third Motion for Extension of Time to file an amended complaint. However, Clinkscale was granted an additional seven days to comply with a prior Order, filed on October 7, 2019, that granted her leave to amend within thirty days of that date (*see* ECF No. 14). Clinkscale again failed to file an amended complaint within the time granted. Accordingly, the Court dismissed this case for failure to prosecute on March 13, 2020. (ECF No. 23.) On April 12, 2020, Clinkscale filed a "Motion to Rescind Order, Reinstate Case on Active Docket and Stay Proceedings." (ECF No. 24.) For the following reasons, the Motion is denied.

### I.     BACKGROUND

Clinkscale's civil rights claims arise from an alleged assault on March 10, 2017. (ECF No. 2 at 4.) The original Complaint in this case was filed on March 11, 2019, along with a motion to proceed *in forma pauperis*. The motion was both unsigned and failed to provide sufficient financial information upon which the Court could determine whether Clinkscale qualified to be excused from paying the filing fee. An Order filed on March 15, 2019 denied the motion without prejudice and directed Clinkscale to cure these defects or pay the filing fee.

1

(ECF No. 4.)  After asking for and receiving an extension of time to comply, Clinkscale filed

another defective *in forma pauperis* motion, which was denied by the Court on June 6, 2019, and

Clinkscale was given another opportunity to comply.  (ECF No. 9.)  After asking for and

receiving another extension of time, Clinkscale filed her most recent *in forma pauperis* motion

on August 19, 2019.  (ECF No. 12.)

In a Memorandum and Order filed on October 7, 2019, the Court granted Clinkscale

leave to proceed *in forma pauperis* and dismissed her Complaint for failure to state a claim,

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Defendants Temple University Campus Police and

Philadelphia Police Department were dismissed with prejudice, as well as all claims based upon

a failure to investigate theory.  The other claims against all other Defendants were dismissed

without prejudice and Clinkscale was granted leave to file an amended complaint within thirty

days in the event she could cure the defects the Court identified in those claims.  (*See* ECF Nos.

13, 14.)  That Order notified Clinkscale that if she failed to file an amended complaint the case

would be dismissed for failure to prosecute without further notice.  (ECF No. 14, ¶ 7.)

Thereafter, Clinkscale asked for and was granted additional extensions of time to comply on

November 12, 2019 (ECF No. 16), November 22, 2019 (ECF No. 18), and January 13, 2020

(ECF No. 20).

In another Motion for Extension of Time filed on February 21, 2020, Clinkscale asserted

that she had "conclusively identified" all supervisory police officials involved in her case and

completed her "34/35 month . . . preliminary investigation," but was still seeking information

about other police officers, information about employees of Defendant Allied, training materials,

and incident reports, and needed time to "amend her medical records" and review procedures of

medical providers.  (ECF No. 21 at 1-2.)  She also "continued to object" to the earlier dismissal

of Defendants and claims.  (*Id.* at 2.)  She sought an additional thirty to forty-five-day extension.  As noted, this request was denied, but Clinkscale was given an additional seven days to file an amended pleading and her case was dismissed when she failed to do so.

In her pending Motion, Clinkscale cites the current emergency concerning the COVID-19 pandemic as grounds for her failure to comply with the Court's prior Orders, asserting it has "hampered [her] access to credible legal research and case law, credible sources and requests for information."  (ECF No. 24 at 1.)  She claims she has also been hampered in accessing medical facilities to "submit, review and discuss amendments to her protected health information."  (*Id.*)

## II.    DISCUSSION

Clinkscale cites no specific rule of civil procedure upon which to base the relief she seeks.  Motions seeking reconsideration are generally considered under Federal Rule of Civil Procedure 59(e).  *Carrascosa v. McGuire*, 520 F.3d 249, 253 n.3 (3d Cir. 2008).  Under Rule 59(e), a motion to alter or amend a judgment must be "filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  Clinkscale's Motion, filed 31 days after the dismissal order was filed of record, is untimely under Rule 59(e) and subject to dismissal on that ground.

Even if the Motion was timely, it is meritless.  "A proper motion to alter or amend judgment must rely on one of three major grounds:  (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice."  *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).  While, at first blush, Clinkscale's argument based on the currently ongoing COVID-19 pandemic and the resultant closure or disruption of much of the economic life of the community may sound like the kind of unjust circumstances supporting reconsideration of a failure to prosecute order, the argument ignores Clinkscale's long period of

3

dilatory conduct beginning in October 2019 during which she received numerous extensions of time to file her amended complaint.  This was well before the current emergency began and the Court generously granted numerous extensions of time prior to the onset of the emergency.  Her final opportunity to comply with the Court's grant of leave to amend also predated and expired before the current emergency began, the penultimate Order explicitly advised Clinkscale that no further extensions of time would be granted, she has still not filed an amended complaint, and she offers no reasonable explanation why she was unable to comply.  It is not reasonable for a litigant to claim to have conducted a "34/35 month . . . preliminary investigation," and still need further time to determine the basic facts underlying her claim.  It remains, thirteen months after this suit was started and over three years after the events at issue allegedly occurred, that there is no operative pleading in this case.[1]

Accordingly, the Motion is denied.  An appropriate Order is attached.

---

[1] The same result ensues if the Motion is construed as filed pursuant to the catch-all provision of Federal Rule of Civil Procedure 60(b)(6).  That Rule provides that the Court "may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  A motion pursuant to Rule 60(b)(6) must be made "within a reasonable time."  Fed. R. Civ. P. 60(c).

A court may grant relief under Rule 60(b)(6) "only in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'"  *Norris v. Brooks*, 794 F.3d 401, 404 (3d Cir. 2015) (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)).  If such extraordinary circumstances exist, "[a] motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles in light of all relevant circumstances."  *Briley v. Holder*, Civ. A. No. 14-193, 2015 WL 2238636, at *1 (W.D. Pa. May 12, 2015).  The "extraordinary circumstances" standard for granting a Rule 60(b)(6) motion is a high one.  *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014).  Reliance on the COVID-19 emergency cannot be an extraordinary circumstance under Rule 60(b)(6) since Clinkscale's dilatory conduct predates the emergency period.  Additionally, no other provision of Rule 60(b) justifies relief here.